JOHN L. BURRIS, Esq./ State Bar # 69888
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882

GAYLA B. LIBET, Esq./State Bar # 109173
LAW OFFICES OF GAYLA B. LIBET
486 41st Street, Suite 3
Oakland, CA 94609
Telephone & Facsimile: (510) 420-0324

Attorneys for Plaintiff

FILED
APR 15 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

(5) Fee Pd. Iss

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BILLY J. HATCHER,

Plaintiff,

vs.

COUNTY OF ALAMEDA, a governmental entity; GREGORY J. AHERN, in his capacity as Sheriff for COUNTY OF ALAMEDA; JEREMY C. LUCHA; JAMES A. RUSSELL; VICTOR GALINDO; VICTOR CABELLO; MATTHEW NEILL; and VICENTE CLEMENTE; individually, and in their capacity as deputy sheriffs for COUNTY OF ALAMEDA; and, DOES 1-25, inclusive.

Defendants. /

Action No. C09-01650 TEH

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES**

**(JURY TRIAL DEMANDED)**

ADR

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in Santa Rita Jail, Dublin, California, which is within this judicial district. Venue is conferred upon this Court by Title 28 United States Code Section 1391(b).

**PARTIES**

2. Plaintiff is presently a resident of Oakland, California, and at all times herein mentioned was, a citizen of the United States, incarcerated at Santa Rita Jail, in Dublin, California.

3. Defendant COUNTY OF ALAMEDA (hereinafter referred to as "COUNTY") is a governmental entity, duly organized and existing under the laws of the State of California. At all times herein mentioned, defendant, GREGORY J. AHERN, was the Sheriff for the COUNTY. Defendant, GREGORY J. AHERN, is sued herein in his capacity as Sheriff for the COUNTY.

4. At all times mentioned herein, defendants JEREMY C. LUCHA; JAMES A. RUSSELL; VICTOR GALINDO; VICTOR CABELLO; MATTHEW NEILL; and VICENTE CLEMENTE; and DOES 1-25, inclusive, were employed by defendant COUNTY as deputy sheriffs. Defendant deputy sheriffs are sued herein individually, and in their capacity as deputy sheriffs for defendant COUNTY. In engaging in the conduct described herein, said defendant deputy sheriffs acted under color of law and in the course and scope of their employment by defendant COUNTY. In engaging in the conduct described herein, said defendant deputy sheriffs exceeded the authority vested in them as deputy sheriffs under the United States and California Constitutions and as deputy sheriffs employed by defendant COUNTY.

5. DOES 1-10, inclusive, are defendant deputy sheriffs employed by defendant COUNTY, acting within the course and scope of their employment by defendant COUNTY, who were directly involved in the wrongful assault and battery against plaintiff, as described hereinafter.

6. DOES 11-25, inclusive, are defendant deputy sheriffs employed by defendant COUNTY, acting within the course and scope of their employment by defendant COUNTY, who were employed in a supervisory capacity by defendant COUNTY and were responsible in some manner for properly and adequately hiring, retaining, supervising, disciplining, and training defendant deputy sheriffs DOES 1-10, in the proper and reasonable use of force; and treating persons in a manner that is not racially discriminatory.

7. Plaintiff is ignorant of the true names and capacities of defendant DOES 1-25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiff as set forth herein. Plaintiff will amend his Complaint to state the true names and capacities of

defendants DOES 1-25, inclusive, when they have been ascertained.

8. In engaging in the conduct described herein, defendant deputy sheriffs acted under the color of law and in the course and scope of their employment with defendant COUNTY. In engaging in the conduct described herein, defendant deputy sheriffs exceeded the authority vested in them as deputy sheriffs, under the United States and California Constitutions, and as employees of defendant COUNTY.

9. For State causes of action related to Federal claims, plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

## STATEMENT OF FACTS

10. On July 30, 2007, at approximately 10:15 p.m., plaintiff BILLY HATCHER, was in Santa Rita Jail as an inmate, and he was then at the Men's Dress-out area with defendant deputies JEREMY C. LUCHA, # 1726; J. A. RUSSELL, # 1331; V. GALINDO, # 1716; V. CABELLO, # 1681; M. NEILL, # M8241; V. CLEMENTE, # 132; and DOES 1-10, inclusive. He was with approximately eight (8) other inmates in line, waiting for a hot meal, when said defendant deputies denied plaintiff and the other inmates in line the right to obtain their meal, and then escorted plaintiff and the other inmates to maximum security housing units. The line of inmates stopped between housing units 9 and 8. Said inmates were not chained together even though it was procedure that they would be chained. At that point, plaintiff said, "That asshole could've gave us a hot meal." One of named defendant deputy sheriffs then ordered plaintiff against the wall, he complied, and was then placed in handcuffs by named defendant deputy sheriffs. Other named defendant deputy sheriffs had run over and assisted named defendant deputy sheriffs in handcuffing plaintiff.

11. One of named defendant deputy sheriffs then ordered plaintiff to lie facedown, and some of named defendant deputy sheriffs assisted in bringing plaintiff to the ground by holding both of his arms, which were already handcuffed. As soon as plaintiff was lying on the ground on his stomach, still handcuffed, he was assaulted and battered by named defendant deputy sheriffs and DOES 1-10, as follows:

12. Plaintiff was immediately placed in a chokehold by one defendant deputy sheriff, while the other named defendant deputy sheriffs kicked and stepped on plaintiff's back. Plaintiff turned his head to the right, trying to breathe while in the chokehold, and saw more defendant deputy sheriffs running out of

every housing unit. He closed his eyes momentarily, and when he opened them, plaintiff saw a boot coming towards his eye, so he ducked his head down to avoid being kicked in his eye. Named defendant deputy sheriffs and DOES 1-10 continued to punch, kick, and knee BILLY HATCHER in his head and body while he lay on the ground. Then named defendant deputy sheriffs and DOES 1-10 lifted him up, and tasered plaintiff three (3) times. After some time, plaintiff was then stripped of his pants and undershorts by named defendant deputy sheriffs and DOES 1-10, as he begged and pleaded with them to stop and asked why they were doing this to him. Plaintiff then temporarily lost consciousness.

13. The entire assault and battery of plaintiff BILLY HATCHER was witnessed by approximately eight (8) of his fellow inmates who were in line with him between housing units 9 and 8.

14. Plaintiff was then taken to the infirmary where he was cleaned up and dressed. He begged to be taken to the hospital, but named defendant deputy sheriffs refused to take him there. Sgt. D. Skoldqvist had defendant deputy sheriff J. LUCHA take pictures of plaintiff. He was then put in a cell with a mattress of the floor for nine (9) hours, and then taken to be X-rayed and given stitches to close a gash over his left eyebrow, at Prison Health Services, where he was treated by Nurse B. Azucenas, Nurse W. Reyes; and Dr. G. Wilson. Later on that week, Deputy Rice and Deputy Carson took more pictures of plaintiff as he lay in bed.

15. On 8-2-07, around 3:00 p.m., plaintiff was transported to Highland Hospital in Oakland, California, where he was X-rayed; diagnosed; and treated by Justin Cook, M.D.; Maia D. Carter, M.D.; Senai Kidane, M.D.; Hosam M. Moustafa, M.D.; Robin Beoris, R.N.; Alexandra Frisius, R.N.; and Jennifer Lemelin, R.N.. Plaintiff told one of his treating physicians that deputy defendant DOES 1-5 had beat him up, saying, "About 5 or 6 deputies at Santa Rita Jail beat me up." After returning to Santa Rita Jail from the hospital, he was put in the "hole", which is housing unit 9, by Deputies Rice and Carson.

16. On 8-4-07, plaintiff was moved to housing unit 4, where he wrote an Inmate Grievance. On 8-27-07, plaintiff wrote another Inmate Grievance to Sheriffs' Internal Affairs regarding the subject incident, and filed it at Santa Rita Jail. Plaintiff wrote two further Inmate Grievances regarding the subject incident, on 9-15-07 and 10-10-07. The Alameda County Sheriff's Dept. is falsely claiming that plaintiff fell, causing his injuries.

17. Ultimately, plaintiff's Inmate Grievances were denied in an Inmate Grievance Response, dated and

signed by investigating supervisor, Sgt. Ben E. Shaull on 9-5-07, and signed and dated as received by BILLY HATCHER on 9-13-07 with appeal of the denial ruling; further signed and by P.J. Kennedy on 9-14-07, who concurred with the previous denial; and signed and dated by Commanding Officer Lt. D. Jurgens-Lewis, on 9-19-07, who concurred with the denial. The denial states that "...it is documented that you did not cooperate with the booking and dress out process. The Grievance Unit found no evidence to substantiate your claims and the deputies acted appropriately given the documented circumstances."

18. Plaintiff's injuries as the result of defendant DOES 1-5's assault and battery upon him on 7-30-07 include, but are not limited to, the following: Two black eyes; one eye completely puffed up and closed; three stitches to laceration across left eyebrow; tenderness and swelling on his head; severe headaches; orbital soft tissue injuries; basilar skull fracture; fractured nose; fractured rib; scars and pain around his wrists from too tight handcuffs; taser-caused injuries to his right elbow, right lower stomach area, and left side at his waist; loss of consciousness; jagged laceration above his left eye, contusion to his left eye; blurred vision; numbness and pain in right arm and wrist; mid-upper lip laceration; concussion; bruising to various areas of his body and face; dark and tarry stool; severe pain; abrasions to right leg; lower back pain and tenderness; and, severe and extreme physical and emotional/mental pain and suffering.

19. In Alameda County Sheriff's Department Incident/ Criminal Report, Case # 07-015533, which is the Report regarding the subject incident on 7-30-07, defendant deputy sheriffs admitted in their statements in the Report, to use of force against plaintiff, BILLY HATCHER, during the subject incident on 7-30-07, including punching, kicking, yanking, kneeing, and Tasering plaintiff.

20. Plaintiff had not physically done anything to provoke this assault on him, and did nothing to physically resist these deputy sheriffs. Further, plaintiff was unarmed. Further, plaintiff complied with all orders given to him by defendant deputy sheriffs during this incident.

21. The above-described assault and battery of plaintiff by defendant deputy sheriffs was brutal, malicious, and was done without any just provocation or cause, proximately causing injuries and damages to plaintiff.

**DAMAGES**

22. As the direct and proximate result of defendants' wrongful conduct, including assault; battery;

imprisonment; and violation of civil rights, plaintiff was injured and damaged, as set forth herein.

23. As a direct and proximate result of defendant deputy sheriffs' wrongful conduct, plaintiff suffered the following injuries and damages:

a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

b. Loss of physical liberty;

c. Physical injuries, pain and suffering, emotional trauma and suffering, and medical expenses;

d. Violations of the following clearly established and well-settled federal constitutional rights include but are not limited to: (1) freedom from unreasonable search and seizure of their persons under the Fourth Amendment to the United States Contitution; and, (2) right to equal protection under the Fourteenth Amendment to the United States Constitution;

e. The conduct of defendant deputy sheriffs DOES 1-10, inclusive, was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said defendant deputy sheriffs; and,

f. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Against named defendant deputy sheriffs and DOES 1-10, inclusive)**

24. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 23 of this Complaint.

25. In doing the acts complained of herein, named defendant deputy sheriffs and DOES 1-10, inclusive, acted under color of law to deprive plaintiff of certain constitutionally protected rights including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Against defendants COUNTY; GREGORY J. AHERN; and DOES 11-25, inclusive)**

26. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 25 of this Complaint.

27. Plaintiff is informed and believes and thereon alleges that prior to the date of the subject incident on 7-30-07, named defendant deputy sheriffs had a history of engaging in acts of assault; and treating persons in a racially discriminatory manner, of which defendants COUNTY; GREGORY J. AHERN; and DOES 11-25, inclusive, knew or reasonably should have known for some time prior to the subject incident involving plaintiff.

28. Plaintiff is informed and believes and thereon alleges that despite having such notice of named defendant deputy sheriffs' prior misconduct, defendants COUNTY; GREGORY J. AHERN; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and civil rights violations by said named defendant deputy sheriffs.

29. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the prior misconduct of named defendant deputy sheriffs, defendants COUNTY; GREGORY J. AHERN; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized named defendant deputy sheriffs to continue their course of misconduct, resulting in the violation of plaintiff's rights and injuries and damages to plaintiff as alleged herein.

30. Defendant COUNTY, by and through its supervisory employees and agents, GREGORY J. AHERN, Sheriff for defendant COUNTY, and DOES 11-25, inclusive, has and had a mandatory duty of care imposed on it by the 4th and 14th Amendments to the United States Constitution, to properly and adequately hire, train, retain, supervise, and discipline its deputy sheriff employees so as to avoid

unreasonable risk of harm to citizens as the proximate result of COUNTY deputy sheriffs assaulting, battering, and/or subjecting persons to racially discriminatorily motivated misconduct. With deliberate indifference, defendants COUNTY; GREGORY J. AHERN; and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights and injuries to plaintiff. With deliberate indifference, defendants COUNTY, GREGORY J. AHERN, and DOES 11-25, inclusive, breached their duty of care to plaintiff in that: (1) They failed to adequately hire, retain, supervise, discipline, and train deputy sheriffs, including named defendant deputy sheriffs, in the proper use of force; and treating citizens in a manner that is not racially discriminatory; (2) They failed to have adequate policies and procedures regarding proper use of force; and treating citizens in a manner that is not racially discriminatory; (3) They acted with deliberate indifference, in reckless and/or conscious disregard of the prior misconduct of named defendant deputy sheriffs, and, (4) They approved, ratified, condoned, encouraged and/or tacitly authorized named defendant deputy sheriffs to continue their course of misconduct of unreasonable assaults; and treating persons in a manner that is racially discriminatory, resulting in violation of plaintiff's rights, and injuries and damages to plaintiff as alleged herein.

31. This lack of adequate hiring, retention, supervision, training, and discipline of named defendant deputy sheriffs demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing unreasonable assaults; and treating persons in a racially discriminatory manner by deputy sheriffs employed by defendant COUNTY.

32. The above-described misconduct by defendants COUNTY; GREGORY J. AHERN; and DOES 11-25, inclusive, resulted in the deprivation of plaintiff's constitutional rights, including but not limited to the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and

Ninth Amendments to the United States Constitution.

Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

33. Further, the acts of named defendant deputy sheriffs alleged herein, are a direct and proximate result of the abovementioned wrongful conduct of defendants COUNTY; GREGORY J. AHERN; and DOES 11-25, inclusive. Plaintiff's injuries and damages were a foreseeable and proximate result of the the abovementioned wrongful conduct of named defendant deputy sheriffs, and the abovementioned wrongful conduct of COUNTY; GREGORY J. AHERN; and DOES 11-25, inclusive.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

**<u>THIRD CAUSE OF ACTION</u>**
**(Assault and Battery)**
**(Against named defendant deputy sheriffs and DOES 1-10, inclusive)**

34. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 33 of this Complaint.

35. Named defendant deputy sheriffs and DOES 1-10, inclusive, placed plaintiff in immediate fear of death and severe bodily harm by assaulting and battering him without any just provocation or cause. Said defendants' conduct was neither privileged nor justified under statute or common law.

36. As a proximate result of said defendants' conduct, plaintiff suffered damages as hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

**<u>FOURTH CAUSE OF ACTION</u>**
**(Intentional Infliction of Emotional Distress)**
**(Against named defendant deputy sheriffs and DOES 1-10, inclusive)**

37. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 36 of this Complaint.

38. The conduct of named defendant deputy sheriffs and DOES 1-10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Said defendants committed the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon plaintiff.

39. As a proximate result of said defendants' willful, intentional and malicious conduct, plaintiff suffered severe and extreme mental and emotional distress. Therefore, plaintiff is entitled to an award of punitive damages against said defendants. Plaintiff has suffered injuries and damages as hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Violation of Civil Code Section 52.1)**
**(Against named defendant deputy sheriffs and DOES 1-10, inclusive)**

40. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 39 of this Complaint.

41. The conduct of named defendant deputy sheriffs and DOES 1-10, inclusive, as described herein, acting in the course and scope of their employment for defendant COUNTY, violated California Civil Code Section 52.1, in that they interfered with plaintiff's exercise and enjoyment of his civil rights, by assaulting him and battering him. Further, said defendants violated plaintiff's right to be from racial discrimination pursuant to the 14th Amendment of the U.S. Constitution; California Constitution; and various federal and California statutes, including California Civil Code Section 52.1, in that their misconduct towards plaintiff was motivated by racial animus.

42. As a direct and proximate result of said defendants' violation of Civil Code Section 52.1, plaintiff suffered violation of his constitutional rights, and suffered damages as set forth herein.

43. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, plaintiff prays for relief, as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Negligence)**
**(Against named defendant deputy sheriffs and DOES 1-10, inclusive)**

44. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 43 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

45. At all times herein mentioned, named defendant deputy sheriffs and DOES 1-10, inclusive, were subject to a duty of care to avoid causing injuries and damages to persons by not unreasonably and

wrongfully assaulting and battering them. The wrongful conduct of said defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable deputy sheriffs acting in similar circumstances, proximately causing plaintiff to suffer injuries and damages as set forth herein.

46. As a proximate result of said defendants' negligent conduct, plaintiff suffered severe and extreme emotional and mental distress and injury, having a traumatic effect on plaintiff's emotional tranquility, and damages.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(Negligent Hiring, Retention, Training, Supervision, and Discipline)**
**(Against defendants COUNTY; GREGORY J. AHERN; and DOES 11-25, inclusive)**

47. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 46 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

48. Plaintiff is informed and believes and thereon alleges that prior to the date of the subject incident on 7-30-07, named defendant deputy sheriffs had a history of engaging in acts of assault and battery; and/or treating persons in a racially discriminatory manner, of which defendants COUNTY; GREGORY J. AHERN; and DOES 11-25, inclusive, knew or reasonably should have known for some time prior to the subject incident involving plaintiff on 7-30-07.

49. Plaintiff is informed and believes and thereon alleges that despite having such notice of named defendant deputy sheriffs' prior misconduct, defendants COUNTY; GREGORY J. AHERN; and DOES 11-25, inclusive, negligently ratified, condoned, encouraged and/or tacitly authorized the continuing misconduct and civil rights violations by named defendant deputy sheriffs and DOES 1-10, inclusive, of unreasonable and wrongful assaults; and/or treating persons in a racially discriminatory manner.

50. Plaintiff is further informed and believes and thereon alleges that as a result of their reckless and/or conscious disregard of the prior misconduct of named defendant deputy sheriffs, defendants COUNTY; GREGORY J. AHERN; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized named defendant deputy sheriffs to continue their course of misconduct, resulting in the violation of plaintiff's rights and injuries and damages to plaintiff as

alleged herein.

51. Defendant COUNTY, by and through its supervisory employees and agents, GREGORY J. AHERN, Sheriff for COUNTY, and DOES 11-25, inclusive, has and had a mandatory duty of care imposed on it by the 4th and 14th Amendments to the United States Constitution, to properly and adequately hire, train, retain, supervise, and discipline its deputy sheriffs employees so as to avoid unreasonable risk of harm to persons as the proximate result of COUNTY deputy sheriffs' unreasonable assaults; and/or subjecting persons to racially discriminatorily motivated misconduct. Defendants COUNTY; GREGORY J. AHERN; and DOES 11-25, inclusive, negligently failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights and injuries to plaintiff. Defendants COUNTY; GREGORY J. AHERN; and DOES 11-25, inclusive, breached their duty of care to plaintiff in that: (1) They negligently failed to adequately hire, retain, train, supervise, and/or discipline COUNTY deputy sheriffs, including named defendant deputy sheriffs and DOES 1-10, inclusive, in the proper and reasonable use of force; and/or treating persons in a manner that is not racially discriminatory; (2) They negligently failed to have adequate policies and procedures regarding proper and reasonable use of force; and/or treating persons in a manner that is not racially discriminatory; (3) They acted with reckless and/or conscious disregard of the prior misconduct of named defendant deputy sheriffs, by negligently failing to adequately hire, retain, train, supervise, and/or discipline COUNTY deputy sheriffs, including named defendant deputy sheriffs in the use of reasonable force; and/or treating persons in a manner that is not racially discriminatory; and, (4) They approved, ratified, condoned, encouraged and/or tacitly authorized named defendant deputy sheriffs to continue their course of misconduct, resulting in the violation of plaintiff's rights, and injuries and damages to plaintiff as alleged herein.

52. The above-described negligent misconduct by defendants COUNTY; GREGORY J. AHERN; and DOES 11-25, inclusive, resulted in the deprivation of plaintiff's constitutional rights, including but not limited to the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

53. Further, the acts of named defendant deputy sheriffs and DOES 1-10, inclusive, alleged herein, are a direct and proximate result of the abovementioned negligent wrongful conduct of defendants COUNTY; GREGORY J. AHERN; and DOES 11-25, inclusive. Plaintiff's injuries and damages were a foreseeable and proximate result of the abovementioned wrongful conduct of named defendant deputy sheriffs and DOES 1-10, inclusive, and the abovementioned wrongful conduct of defendants COUNTY; GREGORY J. AHERN; and DOES 11-25, inclusive.

54. Defendant COUNTY is liable to plaintiff pursuant to Govt. Code Section 815.6; and defendants GREGORY J. AHERN and DOES 11-25, inclusive, are liable to plaintiff pursuant to Govt. Code Sections 820.2 and 820.4, for plaintiff's injuries and damages hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

**EIGHTH CAUSE OF ACTION**
**(Vicarious Liability)**
**(Against defendant COUNTY OF ALAMEDA)**

55. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 54 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

56. Pursuant to Government Code Section 815.2(a), defendant COUNTY OF ALAMEDA is vicariously liable to plaintiff for his injuries and damages alleged herein, incurred as a proximate result of the aforementioned intentional and/or negligent wrongful conduct of defendant deputy sheriffs DOES 1-25, inclusive, as set forth in plaintiff's First Cause of Action, and Third through Eighth Causes of Action herein.

57. As a proximate result of defendants' conduct, plaintiff suffered injuries and damages, as hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

**JURY DEMAND**

58. Plaintiff hereby demands a jury trial in this action.

**PRAYER**

WHEREFORE, plaintiff prays for relief, as follows:

1. For general damages in the sum of $ 1,000,000.00;
2. For special damages according to proof;

3. For punitive damages against named defendant deputy sherjffs and DOES 1-10, inclusive, according to proof;

4. For injunctive relief enjoining defendant COUNTY OF ALAMEDA from authorizing, allowing, or ratifying the practice by any of their employees of making unreasonable and wrongful assaults and batteries on persons; and, from treating persons in a manner that is racially discriminatory, in violation of California Civil Code Section 52.1;

5. For violation of California Civil Code Sections 52 and 52.1, punitive damages against named defendant deputy sheriffs and DOES 1-10, inclusive; $ 75,000.00 for each offense; and reasonable attorney's fees;

6. For reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983 and 1988;

7. For costs of suit herein incurred; and,

8. For such other and further relief as the Court deems just and proper.

LAW OFFICES OF GAYLA B. LIBET

Dated: 4-9-09 By: Gayla B. Libet

GAYLA B. LIBET, Esq.
Attorneys for Plaintiff