JOHN L. BURRIS, Esq./SB # 69888
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile:  (510) 839-3882

GAYLA B. LIBET, Esq./SB # 109173
LAW OFFICES OF GAYLA B. LIBET
486 41st Street, Suite 3
Oakland, CA 94609
Telephone & Facsimile: (510) 420-0324

Attorneys For Plaintiff
BILLY J. HATCHER

Clyde A. Thompson, SBN 72920
Benjamin A. Thompson, SBN 236590
HAAPALA, THOMPSON & ABERN, LLP
1939 Harrison Street, Suite 800
Oakland, California 94612
Tel:     510-763-2324
Fax:    510-273-8570

Attorneys For Defendants
COUNTY OF ALAMEDA, SHERIFF GREGORY J. AHERN,
JEREMY C. LUCHA, JAMES A. RUSSELL, VICTOR GALINDO,
VICTOR CABELLO, MATTHEW NEILL, and VICENTE CLEMENTE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| BILLY J. HATCHER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF ALAMEDA, a governmental entity; GREGORY J. AHERN, in his capacity as Sheriff for COUNTY OF ALAMEDA; JEREMY C. LUCHA; JAMES A. RUSSELL; VICTOR GALINDO; VICTOR CABELLO; MATTHEW NEILL; and VICENTE CLEMENTE; individually and in their capacity as deputy sheriff's for COUNTY OF ALAMEDA; and DOES 1-25, inclusive,<br><br>　　　　Defendants. | Case No.: C09-01650-TEH<br><br>**JOINT PRETRIAL CONFERENCE STATEMENT**<br><br>**Pretrial Conference: 5/23/2011**<br>**Time:** 3:00 p.m.<br>**Courtroom:** 12, 19th Floor<br><br>**Jury Trial:** 6/7/2011<br><br>**Honorable Thelton E. Henderson** |

1

*Hatcher v. County of Alameda, et al./*Case #C09-01650 TEH
Joint Pretrial Conference Statement

Plaintiff BILLY HATCHER is represented by John L. Burris and Gayla B. Libet. Defendants JEREMY C. LUCHA, JAMES A. RUSSELL, VICTOR GALINDO, VICTOR CABELLO, MATTHEW NEILL are represented by Clyde A. Thompson and Benjamin A. Thompson.

The parties have met and conferred and submit the following joint pretrial conference statement.

## I. THE ACTION

**(A)  Substance of the Action.**

(1) Plaintiff's Excessive Use of Force Claim

Plaintiff's remaining claim is made pursuant to 42 U.S.C. §1983 for violation of his federal civil right to be free from excessive use of force in violation of his Eighth Amendment right to be free from cruel and unusual punishment against Defendants Lucha, Russell, Galindo, Cabello, and Neill.

On July 30, 2007, Plaintiff was an inmate in Santa Rita Jail in Dublin, California. While being processed through the intake section of the jail, Plaintiff believes he was wrongfully denied his right to a hot meal. While being transferred from intake to his assigned housing unit, Plaintiff referred a Deputy as an asshole for failing to provide him with a hot meal. Alameda County Sheriff's Deputy Lucha, who had been supervising his transfer from intake to his assigned housing unit, proceeded to handcuff Plaintiff. Despite his cooperation with the Alameda County Sheriff's Deputies' verbal instructions, Plaintiff was beaten in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

(2) Deference to Defendants' Need to Use Force to Restrain Plaintiff

As prison officials, the Alameda County Sheriff's Deputy Defendants are entitled to wide ranging deference in their adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security at Santa Rita Jail. From shortly after the time Inmate Hatcher was received into custody at SRJ on July 29, 2007, Defendant Deputy Lucha worked to get him through initial processing so that Inmate Hatcher could be transported to his housing unit.

Approximately twenty four hours later, as Deputy Lucha was transporting Inmate Hatcher, and six additional maximum security inmates, to their assigned housing units, Inmate Hatcher stepped out of the line of inmates to shout obscenities at Deputy Galindo, who was approximately fifty yards away, across SRJ's maximum security yard. After Inmate Hatcher failed to comply with Deputy Lucha's verbal requests to return to the line of inmates, Deputy Lucha attempted to place Inmate Hatcher into handcuffs. However, Inmate Hatcher refused to comply with Deputy Lucha's efforts to handcuff him. The Defendant Deputies' use of force was to overcome Plaintiff Hatcher's combativeness so that he could be handcuffed. Following Plaintiff Hatcher's restraint, Defendants ceased their application of force, and Plaintiff Hatcher received immediate medical treatment.

**(B)    Relief Prayed.**

Plaintiff's relief prayed is for general damages in the amount of $ 1,000,000.00; special damages for medical injuries and damages for his relevant treatment at Santa Rita Jail by Prison Health Services and at Highland Hospital; punitive damages against named defendant deputy sheriffs; and, reasonable attorneys' fees and costs.

**(C)    Factual Basis of the Action.**

(1) Undisputed Facts

1. On July 28, 2007, Plaintiff Hatcher was arrested by a San Lorenzo Police Officer pursuant to an outstanding warrant concerning violations of Plaintiff's terms of probation. Sometime during the evening of July 29, 2007, Plaintiff Hatcher was transported from the San Lorenzo Jail to Santa Rita Jail ("SRJ") in Dublin, California.

2. Plaintiff Hatcher remained in the Intake, Transfer and Release ("ITR") section of SRJ for approximately twenty four hours.

3. During that time, Plaintiff Hatcher made many requests to receive a hot meal, but he never received one.

4. On July 30, 2007, at approximately 11:00 p.m., Deputy Lucha supervised the transport of Inmate Hatcher, and six additional maximum security inmates, from ITR to their assigned housing units.

3

5. While standing outside SRJ Housing Unit 8, Inmate Hatcher referred to a Deputy as an asshole.

6. Following Plaintiff's remarks, Plaintiff and Defendant Deputy Sheriffs were involved in a physical encounter.

(2) Disputed Factual Issues.

1. Was Inmate Hatcher cooperative with Deputy Lucha's efforts to handcuff him?
2. The timing of when Inmate Hatcher was handcuffed.
3. Was Inmate Hatcher combative towards the Defendants?
4. Was Defendants' use of force a good faith effort to restore discipline, or was their use of force unlawful?
5. The extent of Plaintiff's injuries.

(3) Agreed Statement

This case concerns an incident that occurred on July 30, 2007, when Plaintiff Billy Hatcher was in custody at the Santa Rita Jail ("SRJ") in Dublin, California. At the time Mr. Hatcher came into custody, he was a person convicted of a felony.

While in the jail booking area, he repeatedly asked for a hot meal and was refused, with the explanation that hot meals were not available to inmates going through initial processing. Mr. Hatcher was classified as a maximum security inmate due to his arrest history.

While he was being escorted to his assigned housing unit, Mr. Hatcher directed a derogatory comment towards an Alameda County Sheriffs Deputy who he believed had refused to provide him with a hot meal.

It is here where the parties' accounts of events diverge. Mr. Hatcher claims that despite being apologetic and cooperative, he was physically assaulted by the Defendant Alameda County Sheriff's Deputies. On the other hand, the Defendant Alameda County Sheriff's Deputies maintain that Mr. Hatcher was resistive and combative.

(4) Stipulations.

1. The parties agree that at the time of the incident Mr. Hatcher's constitutional status was that of a convicted felon.

4

**(D)    Trial Preparation.**

(1) Estimation of Trial Time.

Defendants estimate the case will take approximately 5 days to select a jury, opening statements, presentation of evidence, and closing arguments, and jury instructions.

(2) Witnesses to be Called.

1. Billy Hatcher will testify regarding the subject incident and his claimed injuries and damages.
2. Darryl Young was a SRJ inmate who claims to have witnessed the incident.
3. Matthew Grove was a SRJ inmate who claims to have witnessed the incident. Mr. Grove is currently in custody at San Quentin State Prison.
4. Alameda County Sheriff's Deputy Jeremy Lucha will testify concerning his observations of, and interactions with, Inmate Hatcher with regard to the subject incident.
5. Alameda County Sheriff's Deputy Victor Galindo will testify concerning his observations of, and interactions with, Inmate Hatcher with regard to the subject incident.
6. Alameda County Sheriff's Deputy Matthew Neill will testify concerning his observations of, and interactions with, Inmate Hatcher with regard to the subject incident.
7. Alameda County Sheriff's Deputy Victor Cabello will testify concerning his observations of, and interactions with, Inmate Hatcher with regard to the subject incident.
8. Alameda County Sheriff's Sergeant James Russell will testify concerning his observations of, and interactions with, Inmate Hatcher with regard to the subject incident.
9. Alameda County Sheriff's Technician Vicente Clemente will testify concerning his observations of the subject incident from a Housing Unit monitoring station inside Santa Rita Jail.

10. Prison Health Services Nurse Wilfredo Reyes will testify concerning his initial observations of Plaintiff medical condition following the incident.

11. Prison Health Services G.A. Wilson, M.D. will testify concerning his observations of plaintiff's medical condition and initial medical treatment after the incident.

12. Alameda County Sheriff's Deputy Jon Rudolf will testify concerning Plaintiff Hatcher classification as a maximum security inmate.

13. Don Cameron is a weaponless defense and use of force expert that will testify on behalf of defendants. Mr. Cameron will explain his background and training as an expert, the voluminous material he reviewed and considered, and will then express his opinions about the appropriateness of the use of force employed by the defendant Deputies to control and restrain plaintiff.

14. David Atkin, M.D. will testify on behalf of defendants. Dr. Atkin is a Board Certified Orthopedic Surgeon that has reviewed the medical and custodial history of plaintiff, as well as plaintiff's deposition testimony. Based on Dr. Atkin's review of the material provided to Dr. Atkin formed several medical opinions about plaintiff that include plaintiff sustaining nasal fractures, facial cuts, bruising of the right leg and hand, and a 10th right rib fracture. Plaintiff's injuries resolved without residual disability or impairment to plaintiff's ability to return to work.

15. Roger Clark is a use of force expert that will testify on behalf of plaintiff. Mr. Clark will explain his background and training as an expert, the voluminous material he reviewed and considered, and will then express his opinions about the appropriateness of the use of force employed by the defendant Deputies to control and restrain plaintiff.

(3) Plaintiff May Call the Following Additional Witnesses:

16. Deputy sheriff Rice- regarding plaintiff's injuries and damages; and regarding the photographs he took of plaintiff's injuries;

17. Deputy Sheriff D. Skoldqvist- regarding his order to defendant deputy sheriff JAMES C. LUCHA to collect plaintiff's county-issued yellow shirt; yellow pants; brown shirt; and blanket as evidence;

18. Employees of Alameda County at Santa Rita Jail, including: Deputy sheriffs J. England; T. Weaver; A. Ryan; De La Fuenta; P.J. Kennedy; Ben E. Shaull; and, Jurgens-Lewis regarding any knowledge about the subject incident; plaintiff's injuries; treatment of plaintiff's injuries; defendant deputy sheriff's conduct during the subject incident; plaintiff's Grievance Forms; denial of plaintiff's grievances enumerated in his Grievance Forms;

19. Health care practitioners at Prison Health Services at Santa Rita Jail, including: Bayani Azucenas, IDC/R.N.V.; Wilfredo A. Reyes, LVN; M. Faer, M.D., Radiologist; P. Chyu, M.D., Radiologist; G.A. Wilson, M.D.; and Horacio P. Campos, M.D.; regarding plaintiff's injuries and diagnosis, treatment, prognosis re plaintiff's injuries; and/or recommendations regarding future treatment for plaintiff's injuries;

20. Health care practitioners at Highland Hospital in Oakland, California, including: Justin Cook, M.D.; Senai Kidane, M.D.; Hosam M. Moustafa, M.D., Radiologist, and Jennifer Lemelin, R.N.- regarding plaintiff's injuries and diagnosis, treatment, prognosis re plaintiff's injuries; and/or recommendations regarding future treatment for plaintiff's injuries;

21. Angel James Mendez- regarding prior incident involving alleged excessive force used by defendant Deputy Sheriff RUSSELL against this witness; this witness brought a Complaint regarding this incident, U.S.Dist.Ct.-N.Dist.of CA, Action # C-03-04485-PJH;

22. Kenneth Brumfield, 220 Orange Street, Oakland, CA 94609-regarding prior incident involving alleged excessive force used by defendant Deputy Sheriff RUSSELL against this witness; this witness filed a Citizen Complaint forms regarding this incident;

23. Alan McDaniel, 2567 Arf Avenue, Hayward, CA 94545/ (510) 732-6525 94609- regarding prior incident involving alleged excessive force used by defendant Deputy Sheriff RUSSELL against this witness; this witness filed a Citizen Complaint forms regarding this incident;

24. Larry Buckley, 1555 159th Avenue, San Leandro, CA/ (510) 276-3745-regarding prior incident involving alleged excessive force used by defendant Deputy Sheriff RUSSELL against this witness; this witness filed a Citizen Complaint forms regarding this incident;

25. Vickie Buckley, 1555 159th Avenue, San Leandro, CA/ (510) 276-3745- regarding prior incident involving alleged excessive force used by defendant Deputy Sheriff RUSSELL against this witness; this witness filed a Citizen Complaint forms regarding this incident;

26. Michael Ferguson, 1555 159th Avenue, San Leandro, CA/ (510) 276-3745- regarding prior incident involving alleged excessive force used by defendant deputy sheriff RUSSELL against this witness; this witness filed a Citizen Complaint forms regarding this incident; and

27. Defendant deputy sheriffs DOES 11-25: regarding their conduct and decisions regarding plaintiff's Inmate Grievances regarding named deputy sheriffs' use of force upon him and his resulting injuries; their denial of his Inmate Grievances; and the investigation, findings, and/or discipline resulting from named defendant deputies' use of force upon plaintiff.

(4) <u>Use of Discovery Responses</u>

1. Plaintiff's responses to Defendants' Special Interrogatories Response No. 3, 4, 5 stating that plaintiff does not have any documentation supporting plaintiff's claim of employment and loss of wages. Plaintiff's response to Special Interrogatory No.7 identifies only witnesses Darryl Young and Sherman Bailey.

2. Excerpts of depositions of witnesses who are not available for trial.

/

8

(5) <u>Exhibits</u>.

1. San Leandro Police Report 2007-00033815 and Warrant Abstract dated 7/28/2007 (Bates AC0001-AC0003);
2. Alameda County Sheriff' Consolidated Office Arrest Report 2007-33815 dated 7/28/2007 (Bates AC0004);
3. Alameda County Sheriff's Office Criminal Report 07-15533 and Continuation Reports Completed by ACSO Deputies Galindo, Russell, Cabello, and Neill (Bates AC0005-AC0014);
4. Plaintiff's August 27, 2007 Grievance 07G-S1272 (Bates AC0016);
5. ACSO Response to Inmate Grievance 07G-S1272 (Bates AC0022- AC0023);
6. Plaintiff's September 15, 2007 Grievance 07G-S1379 (Bates AC0024);
7. ACSO Response to Inmate Grievance 07G-S1379 (Bates AC0025-AC0026);
8. Plaintiff's October 10, 2007 Grievance 07G-S1552 (Bates AC0027);
9. ACSO Response to Inmate Grievance 07G-S1552 (Bates AC0028-AC0029);
10. Plaintiff Hatcher's criminal history records (Bates AC0030 – AC0100, AC0288-AC0296)
11. ACSO Audio Recording of Interview with Plaintiff Hatcher (AC0229)
    11a. Transcript of Interview with Plaintiff Hatcher
12. ACSO Audio Recording of Interview with Darryl Young (AC0231)
    12a. Transcript of Interview with Darryl Young
13. ACSO Audio Recording of Interview with Omar Rivera (AC0230)
    13a. Transcript of Interview with Omar Rivera
14. ACSO Audio Recording of Interview with Deputy Jeremy Lucha (AC0232)
    14a. Transcript of Interview with Deputy Jeremy Lucha
15. ACSO Audio Recording of Interview with Deputy Victor Galindo (AC0233)
    15a. Transcript of Interview with Deputy Victor Galindo
16. ACSO Audio Recording of Interview with Deputy Victor Cabello (AC0234)
    16a. Transcript of Interview with Deputy Victor Cabello

17. ACSO Audio Recording of Interview with Deputy James Russell (AC0235)
    17a. Transcript of Interview with Deputy James Russell
18. ACSO Audio Recording of Interview with Deputy Matthew Neill (AC0236)
    18a. Transcript of Interview with Deputy Matthew Neill
19. ACSO Audio Recording of Interview with Sergeant Darren Skoldqvist (AC0237)
    19a. Transcript of Interview with Sergeant Darren Skoldqvist
20. ACSO Audio Recording of Interview with Sheriff's Technician Vicente Clemente (AC0238)
    20a. Transcript of Interview with Sheriff's Technician Vicente Clemente
21. ACSO Audio Recording of Interview with Sergeant Anthony Aniasco (AC0239)
    21a. Transcript of Interview with Sergeant Anthony Aniasco
22. ACSO Audio Recording of Interview with Prison Health Services Nurse Wilfredo Reyes (AC0240)
    22a. Transcript of Interview with Prison Health Services Nurse Wilfredo Reyes
23. ACSO Audio Recording of Interview with Prison Health Services Nurse Bayani Azucenas (AC0241)
    23a. Transcript of Interview with Prison Health Services Nurse Bayani Azucenas
24. ACSO Audio Recording of Interview with Prison Health Services Doctor G. Wilson (AC0242)
    24a. Transcript of Interview with Prison Health Services Doctor G. Wilson
25. PHS Medical Records related to Plaintiff's July 30, 2007 post-incident treatment (AC0302-AC0317, AC0323-AC0331)
26. Highland Hospital Medical Records
27. Alameda County Behavioral Health Care Services Report (AC0433)
28. ACSO Incident Report 03-23262 (AC0458-AC0466)
29. July 30, 2007 22 Post-Incident Photographs (AC0501)

30. Alameda County Sheriff's Office Detention and Corrections Division Inmate Rules and Information
31. Oakland Police Department Crime Report 07-051903
32. San Leandro Police Department Arrest Report 2007-00033815
33. Plaintiff Hatcher's résumé
34. Intake photographs of Plaintiff (bates #AC0030-AC0033);
35. ACSO General Order 1.05 – Use of Force
36. ACSO General Order 1.20 – Taser Use
37. ACSO Rule 2.1.67
38. ACSO General Order 1.21
39. ACSO Use of Force Review Form
40. Defendants' Expert Don Cameron's Reports
41. Defendants' Expert David Atkin Reports
42. The following documents regarding the subject incident, created by plaintiff's expert, Roger Clark:
    (a) Letter from Roger A. Clark to Mr. John L. Burris and Ms. Gayla B. Libet, dated 4-22-11;
    (b) Roger Clark, Police Procedures Consultant, Inc.: Regarding: Billy J. Hatcher v. County of Alameda, et al., U.S.D.C. Case No. C-09-1650-TEH;
    (c) List of Sworn Testimony, April 20, 2007 to April 20, 2011 (Revised April 21, 2011); and,
    (d) Roger Clark: Experience.
    Sponsoring witness: Roger A. Clark

**(E)** **Further Discovery or Motions**

1. Defendants' Motion in Limine to exclude any reference to prior claims of excessive force against any of the defendant Deputies or any witnesses to the alleged use of excessive force.
2. Defendant's Motion in Limine to exclude or limit the use of photographs of

11

*Hatcher v. County of Alameda, et al./*Case #C09-01650 TEH
Joint Pretrial Conference Statement

        plaintiff's injuries.

3. Plaintiff's Motion in Limine to limit or exclude the use of prior criminal reports and history.

4. Plaintiff's Motion in Limine to admit and Defendants' Motion in Limine to exclude or limit the use of the confidential Alameda County Sheriff's Office Internal Affairs Investigation report.

5. Plaintiff's motion in limine to include prior bad acts of Defendant Deputy Sheriffs.

6. The depositions of witnesses Darryl Young and Matthew Grove will be taken on May 17.

## IV.  TRIAL ALTERNATIVES AND OPTIONS

**(A)  Settlement Discussion**

The parties have participated in two settlement conferences before Federal Magistrate Judges.  Furthermore, the parties have engaged in extensive informal discussions, and such discussions are ongoing.

**(B)  Consent To Trial Before A Magistrate Judge**

The parties do not consent to trial before a magistrate judge.

**(C)  Amendments Or Dismissals**

No further amendments or dismissals have been agreed to following the Court's ruling on Defendants' motion for summary judgment, which included dismissal of Alameda County, Alameda County Sheriff Ahern and Alameda County Sheriff's Technician Clemente.

**(D)  Bifurcation Of Issues**

Not applicable.

/
/
/
/
/

12

*Hatcher v. County of Alameda, et al./*Case #C09-01650 TEH
Joint Pretrial Conference Statement

## V. **MISCELLANEOUS**

Not applicable.

Dated: May 13, 2011          LAW OFFICES OF GAYLA B. LIBET

By: */s/ Gayla B. Libet
GAYLA B. LIBET, ESQ.
Attorneys For Plaintiff
* Ms. Libet provided her verbal consent that this document be electronically filed.

Dated: May 13, 2011          LAW OFFICES OF JOHN L BURRIS

By: */s/ John L. Burris
JOHN L. BURRIS, ESQ.
Attorneys For Plaintiff
* Mr. Burris provided his verbal consent that this document be electronically filed.

Dated: May 13, 2011          HAAPALA, THOMPSON & ABERN, LLP

By: /s/ Benjamin A. Thompson
Benjamin A. Thompson
Attorneys For Defendants