IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BILLY J. HATCHER,

           Plaintiff,

v.

COUNTY OF ALAMEDA, et al.,

           Defendants.

NO. C09-1650 TEH

ORDER ON MOTIONS IN LIMINE

After carefully considering the parties' written arguments on their motions in limine, the Court finds oral argument to be unnecessary and now rules as follows:

Plaintiff's Motion in Limine No. 1 seeks to exclude evidence of Plaintiff's prior arrests and convictions. Similarly, Plaintiff's Motion in Limine No. 2 seeks to exclude evidence of percipient witnesses' prior arrests and convictions. Defendants do not appear to seek to introduce evidence of prior arrests, as opposed to prior convictions, and those portions of Plaintiff's motions are therefore DENIED as moot.

The only prior conviction that has been identified is Plaintiff's 2004 conviction for felony theft. Defendants have not demonstrated that this particular conviction involved fraud or deceit. Moreover, the parties have already stipulated to the fact that Plaintiff was a convicted felon at the time of the incident at issue in this case, and evidence regarding the specific felony would be more prejudicial than probative. Accordingly, under Federal Rule of Evidence 609, Plaintiff's Motion in Limine No. 1 is GRANTED to the extent that it refers to Plaintiff's conviction for felony theft. As to all other prior convictions of Plaintiff, and all prior convictions of percipient witnesses, the motion is DENIED without prejudice. The Court cannot determine without more specificity whether the convictions qualify for admission as impeachment evidence under Federal Rule of Evidence 609.

1   <u>Plaintiff's Motion in Limine No. 3</u> seeks to admit evidence of confidential documents. Plaintiff fails to identify what evidence he seeks to admit with specificity, and this motion is therefore DENIED without prejudice.

<u>Plaintiff's Supplemental Motions in Limine</u> filed on June 1, 2011, are DENIED without prejudice as untimely. Pursuant to the May 17, 2010 Order for Pretrial Preparation, motions in limine were due on May 17, 2011.

<u>Defendants' Motion in Limine No. 1</u> seeks to exclude reference to any prior claim of excessive force against any Defendant. Prior uses of force may be relevant since this case is governed by the Eighth and not the Fourth Amendment. As the parties acknowledge in their jointly proposed jury instructions, one of the elements of an Eighth Amendment violation is that "the defendant acted maliciously and sadistically for the purpose of causing harm." Agreed Jury Instruction No. 9.24. However, the parties have not identified any prior claims of excessive force with sufficient specificity for this Court to determine whether the evidence is admissible under Federal Rules of Evidence 403 and 404, and the motion is therefore DENIED without prejudice. Plaintiff is advised that the Court is not inclined to allow evidence of excessive force claims that arose outside the jail setting, nor will the Court permit any mini-trials on allegations of force other than the single incident at issue in this case.

<u>Defendants' Motion in Limine No. 2</u> seeks to exclude close-up photographs of Plaintiff's injuries. This motion is DENIED. The relevance of the identified photographs is not "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. The Court may re-visit this ruling as to cumulativeness depending on what evidence Plaintiff actually presents at trial.

2

Defendants' Motion in Limine No. 3 seeks to exclude portions of the anticipated testimony of Roger Clark, Plaintiff's expert. This unopposed motion is GRANTED.

As to all motions in limine that have been denied without prejudice, the parties shall meet and confer regarding their evidentiary disputes after identifying the anticipated evidence with specificity. If they cannot reach agreement, and if a party seeks to introduce any of the challenged evidence at trial, then counsel shall notify the Court at the end of each trial day if anticipated issues will arise the following day. Any supplemental briefs on the disputed issues must be electronically filed no later than 3:00 PM the day before the issues are anticipated to arise. If necessary, oral argument will occur before the jury is brought in the following morning.

**IT IS SO ORDERED.**

Dated:   06/02/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT