IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BILLY J. HATCHER,

            Plaintiff,

v.

COUNTY OF ALAMEDA, et al.,

            Defendants.

NO. C09-1650 TEH

ORDER RE: COMMUNICATION FROM JUROR

On June 16, 2011, the jury returned a verdict in this case. The Court received the attached letter, dated June 21, 2011, from one of the jurors and has determined that it is required to share the letter with counsel. The letter shall be filed under seal, but the Clerk shall serve a copy of this order, with the letter attached, on counsel for the parties.

On the Court's initial review, the letter does not appear to warrant a new trial or require any further action. Federal Rule of Evidence 606(b) provides that:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. But a juror may testify about (1) whether extraneous prejudicial information was improperly brought to the jury's attention, (2) whether any outside influence was improperly brought to bear upon any juror, or (3) whether there was a mistake in entering the verdict onto the verdict form. A juror's affidavit or evidence of any statement by the juror may not be received on a matter about which the juror would be precluded from testifying.

The contents of the attached letter, even if they were submitted via sworn testimony, appear to be inadmissible under this rule. In addition, the Ninth Circuit has held that, "[a]fter a verdict is returned a juror will not be heard to impeach the verdict when his testimony concerns his misunderstanding of the court's instructions." *United States v. Stacey*, 475 F.2d

1119, 1121 (9th Cir. 1973); *see also United States v. Span*, 75 F.3d 1383, 1390 n.8 ("The Spans offer jurors' statements as evidence that the jurors misunderstood the applicable law and would have acquitted if they had been properly instructed. But Federal Rule of Evidence 606(b) bars the use of a juror's "mental processes" to inquire into the validity of a verdict."). The Ninth Circuit has also explained that, "[t]he type of after-acquired information that potentially taints a jury verdict should be carefully distinguished from the general knowledge, opinions, feelings, and bias that every juror carries into the jury room. Voir dire questioning is the proper method of uncovering prejudicial character traits of potential jurors." *Hard v. Burlington N. R.R. Co.*, 870 F.2d 1454, 1461 (9th Cir. 1989).

Nonetheless, out of an abundance of caution, the Court will delay entering judgment in this matter until July 13, 2011, in case the parties believe further action is warranted.

**IT IS SO ORDERED.**

Dated: 6/29/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2